**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSSAINE SHARMILA RAM; et al., | No. 07-71484 |
| Petitioners, | Agency Nos.      A078-668-983 |
| v. | A078-668-984 |
| | A078-668-985 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 18, 2011
San Francisco, California

Before: SCHROEDER and THOMAS, Circuit Judges, and ADELMAN, District
Judge.[**]

Petitioner Rossaine Sharmila Ram, and derivatively her sons Edwin

Ramendra Chan and Rajeev Ravindra Chand, natives and citizens of Fiji and of

Indian ethnic origin, seek review of an agency decision denying Ram's application

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The Honorable Lynn S. Adelman, District Judge for the U.S. District
Court for Eastern Wisconsin, Milwaukee, sitting by designation.

for asylum, withholding of removal, and protection under the Convention Against Torture. We deny the petition in part, grant in part, and remand. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

Substantial evidence supports the immigration judges's ("IJ") conclusion that Ram did not establish past persecution on account of a protected ground. *See Singh v. INS*, 134 F.3d 962, 969 (9th Cir. 1998) (repeated vandalism of Indo-Fijian's property, with no physical injury or threat of injury, did not rise to the level of persecution); *Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir. 1995) (concluding that an attack committed by a group of ethnic Fijians and the military, detention by the police, physical abuse while in police custody, and coercive questioning by the police regarding political affiliations were insufficient to establish past persecution).

However, neither the IJ nor the Board of Immigration Appeals ("BIA"), which affirmed the IJ without an opinion, analyzed Ram's claim for asylum under the disfavored group analysis. *See Sael v. Ashcroft*, 386 F.3d 922, 925–30 (9th Cir. 2004); *Singh v. INS*, 94 F.3d 1353, 1358–60 (9th Cir. 1996). Because Ram raised this issue before the IJ and the BIA, the agency was obligated to decide it. *See*

-2-

*Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[I]t goes without saying that IJs and the BIA are not free to ignore arguments raised by a petitioner."). We therefore remand the question of whether Ram has a well-founded fear of persecution to the BIA for its re-examination.

## II

Because Ram has not shown past persecution under the criteria for asylum, and because the record does not compel the conclusion that "it is more likely than not that [s]he would be subject to persecution on one of the specified grounds" should she be removed to Fiji, substantial evidence supports the IJ's denial of Ram's claim under the "more stringent" criteria for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3). *Al-Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001) (quotation omitted). Substantial evidence also supports the IJ's conclusion that Ram is not eligible for protection under the Convention Against Torture. Neither in Ram's asylum application nor in her testimony before the IJ did she allege torture. Nor does any of the harassment and persecution she fears rise to the level of the "'severe pain or suffering,'" inflicted by government agents for specified purposes, that this circuit's precedent and INS regulations require of CAT claims. *Sinha v. Holder*, 564 F.3d 1015, 1026 (9th Cir. 2009) (quoting 8 C.F.R. § 208.18(a)(1)).

-3-

**DENIED IN PART; GRANTED IN PART; REMANDED.**